# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| Kim Evette Tolbert, | Case No.: 2:24-cv-01443-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Plaintiff's Motions for Entry of Default and Injunctive Writ Order** |
| State of Nevada, | |
| Defendant | [ECF Nos. 7, 9] |

Pro se plaintiff Kim Tolbert sues the State of Nevada for "intentional deprivation of rights."[1]  While she invokes myriad statutory and constitutional violations, the heart of Tolbert's suit seems to be her discontent with the state's lack of response to her 2024 eviction.  Tolbert alleges that various parties schemed to lock her out of her home after "20 years of hard work," but the State of Nevada is the sole defendant she names.[2]  Tolbert moves for entry of default against the state and for an "injunctive writ order" from this court.[3]

**A.    Tolbert's motion for entry of default is denied.**

Tolbert contends that she is entitled to a default from the Clerk of Court because the State of Nevada failed to appear in this action after being served.[4]  In response, the State of Nevada filed a limited notice of appearance and an opposing brief.[5]  The state argues that the motion for

---

[1] ECF No. 1 at 5.

[2] *Id.* at 8 (cleaned up).

[3] ECF Nos. 7, 9.

[4] ECF No. 7.

[5] ECF Nos. 10, 11.

1  entry of default should be denied because the state was not properly named as a defendant or

2  properly served.[6]

3          As to the name of the defendant, Nevada Revised Statute 41.031(2) dictates that all suits

4  against the state "must be brought in the name of the State of Nevada on relation of the particular

5  department, commission, board or other agency of the State whose actions are the basis for the

6  suit."[7]  The proper method for serving a state entity is governed by state and federal rules.

7  Federal Rule of Civil Procedure (FRCP) 4(j) provides that a state must be served by "delivering a

8  copy of the summons and of the complaint to its chief executive officer" or meeting state-law

9  service requirements.[8]  Nevada Rule of Civil Procedure (NRCP) 4.2(d)(1) requires that the state

10  be served by "delivering a copy of the summons and the complaint to (A) the Attorney General,

11  or a person designated by the Attorney General to receive service of process, at the Office of the

12  Attorney General in Carson City; *and* (B) the person serving in the office of administrative head

13  of the named public entity, or an agent designated by the administrative head to receive service

14  of process."[9]

15          Tolbert hasn't satisfied the federal or state service requirements necessary for this court

16  to obtain jurisdiction over any defendant and award relief.  The only proof-of-service document

17  that she submits states that the server left a copy of the summons and complaint at the address of

18  Caitlin Pagni, a "legal researcher" that the document asserts is "lawfully designated by statute to

19  receive service of process."[10]  Caitlin Pagni, whoever she may be, is not the "chief executive

20

21  [6] ECF No. 11 at 1.

22  [7] *Id.* at 2 (citing Nev. Rev. Stat. § 41.031(2)).

     [8] Fed. R. Civ. P. 4(j)(2).

23  [9] Nev. R. Civ. P. 4.2(d)(1) (emphasis added).

     [10] ECF No. 8.

officer" of Nevada—so even assuming that she was served, service on her would not satisfy FRCP 4(j). Tolbert inevitably falls short of state-law requirements as well because she has not identified the "particular department, commission, board or other agency of the State whose actions are the basis for the suit."[11] FRCP 55(a) provides that the Clerk of Court must enter default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[12] But without "proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."[13] So Tolbert's motion for entry of default is denied.

**B.    Tolbert's motion for an injunctive writ order is also denied.**

Tolbert moves for an "injunctive writ order" from this court to "preserve irreparable harm caused by State of Nevada conduct and participation in fraudulent real estate criminal scheme; assault against Plaintiff."[14] She argues that the "Justice Court's Clerk, Las Vegas" has interfered with her access to legal remedies and that the State of Nevada and "U.S. Bank National Association" have "overwhelmingly violated" Nevada law.[15] Exhibits she attaches include documents showing that the Las Vegas Justice Court denied Tolbert's request for a temporary order for protection because her basis for the request "appear[ed] to be an eviction situation," and instructed Tolbert that she needed to go through eviction proceedings.[16] Tolbert argues that

---

[11] Nev. Rev. Stat. § 41.031(2).

[12] Fed. R. Civ. P. 55(a).

[13] *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

[14] ECF No. 9 at 2.

[15] *Id.* at 3.

[16] *Id.* at 5–6.

"predators are continually allowed to practice criminal real estate fraud to the detriment of U.S. hardworking citizens" and "this must stop!"[17]  But she does not specifically explain what injunctive relief she seeks or what the legal basis for it is.  I liberally construe this filing as a motion for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right."[18]  The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that to obtain an injunction, the plaintiff "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."[19]  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[20]

Tolbert doesn't discuss the *Winter* factors in her motion, nor do her arguments suggest that she is likely to succeed under that framework.  And it is unclear what harm preliminary injunctive relief is needed to prevent, given that Tolbert says that she was evicted in June 2024.[21]  Even setting aside the obstacles of improper service and state-sovereign immunity, her motion doesn't justify this extraordinary remedy.  So Tolbert's motion for injunctive relief is denied.

---

[17] *Id.* at 14 (cleaned up).

[18] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[19] *Id.* at 20.

[20] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[21] ECF No. 9 at 2.

**C.    Tolbert must file an amended complaint with properly named defendants and complete valid service to continue with this suit.**

As it stands, Tolbert's suit has no properly named defendant.  States generally enjoy immunity from suit in federal court based on the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity.[22]  And Tolbert has offered nothing to show that her claims can pierce that immunity.  So Tolbert is ordered to file an amended complaint that names a proper defendant or defendants by May 29, 2025.  She must also complete valid service under FRCP 4(j) or NRCP 4.2(d) within 30 days of filing that amended complaint.  If Tolbert fails to properly name a defendant or complete valid service within the time set by this order, her suit may be dismissed without any further prior notice.

**Conclusion**

IT IS THEREFORE ORDERED that plaintiff Kim Evette Tolbert's motions for entry of default and for an injunctive writ order **[ECF Nos. 7, 9] are DENIED**.

IT IS FURTHER ORDERED that **Tolbert must file an amended complaint with properly named defendants by May 29, 2025.  She must also complete valid service of process within 30 days of filing the amended complaint.**  Failure to do so may result in dismissal of this suit.

_____
U.S. District Judge Jennifer A. Dorsey
April 29, 2025

---

[22] *Alden v. Maine*, 527 U.S. 706, 713 (1999); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

5