UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kim Evette Tolbert,<br><br>　　　Plaintiff<br><br>v.<br><br>State of Nevada,<br><br>　　　Defendant | Case No.: 2:24-cv-01443-JAD-DJA<br><br>**Order Denying Motion to Stay or Set Aside Complaint and Dismissing Case Without Prejudice**<br><br>[ECF No. 21] |

　　Pro se plaintiff Kim Evette Tolbert filed this lawsuit against the State of Nevada for the "intentional deprivation of [her] rights."[1] I dismissed the claims against the State in April 2025 and directed Tolbert to file "an amended complaint that names a proper defendant or defendants by May 29, 2025."[2] I granted her motion to extend that deadline to July 31, 2025, but she did not file an amended complaint by that date.[3] And starting in July, the court's orders were returned as undelivered, so the court ordered Tolbert to file a change of address.[4] The court also noted that she missed her extended deadline to file an amended complaint, advising her that if "she wishes to proceed with this action, . . . she must also file a motion for a further extension supported by good cause and explaining why her failure to comply with the deadline is a product of excusable neglect."[5]

---

[1] ECF No. 1 at 5.
[2] ECF No. 13 at 5.
[3] ECF No. 16.
[4] ECF No. 18.
[5] *Id.* at 1–2.

Tolbert filed a change of address,[6] but she did not comply with the rest of the court's order. She instead filed a "motion to stay or set aside complaint pending administrative review."[7] In that motion, she argues the facts of her case, accuses the State of Nevada of "grand larceny of real property," and avers that the State's "handling of the legal issues outlined [in] her multiple complaints has been systematically negligent."[8] She appears to ask this court to give her an unspecified amount of time to gather evidence to support her claims and "to properly bring an action under *Monell* claims."[9]

I deny Tolbert's motion. This court has given Tolbert multiple extensions of time to file an amended complaint naming a proper defendant for her claims, and she has failed to do so. If Tolbert is not prepared to move forward with her action at this time, the proper course of action is to dismiss this case without prejudice to her ability to refile it when she has identified the proper defendant and gathered the support that she believes she needs to bring her claims. But this case cannot remain pending indefinitely without a proper, operative complaint. So I deny her motion to "set aside and stay current complaint."

I also find that a without-prejudice dismissal is the only way to move forward given Tolbert's insistence that she is unable to litigate this case right now and her repeated failure to file an amended complaint in compliance with this court's orders. District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[10] A court may dismiss an action

---

[6] ECF No. 22.
[7] ECF No. 21.
[8] *Id.*
[9] *Id.* at 4.
[10] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

based on a party's failure to obey a court order.[11]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[12]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[13]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[14]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[15]  This action cannot proceed until and unless

---

[11] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[12] *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

[13] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[14] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[15] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Tolbert files an amended complaint, and she has repeatedly indicated that she will not do so.[16] Setting another deadline or staying this case indefinitely—with no operative complaint or properly served defendant—is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal. I thus conclude that the only way to manage this court's resources, considering Tolbert's stated inability to litigate this case at this time, is to dismiss her case without prejudice. Tolbert may file a new action when she has identified the proper defendant for her claims.

## Conclusion

IT IS THEREFORE ORDERED that Tolbert's motion to stay or set aside complaint **[ECF No. 21] is DENIED.** Tolbert's case is DISMISSED without prejudice for her failure to file an amended complaint. **The Clerk of Court is directed to CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
October 21, 2025

---

[16] ECF Nos. 14, 21 (Tolbert's motions seeking to stay or set aside complaint for indefinite amount of time).